IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

EVERETT TRIPODIS,

    Defendant.

CRIMINAL FILE NO.
1:18-CR-240-1-TWT

ORDER

This is a criminal action. It is before the Court on the Report and Recommendation of the Magistrate Judge [Doc. 196] recommending denying various motions of the Defendant.

## I. Motion to Dismiss Counts 2-11 and 14-16

The Defendant argues that Counts 2-11 (wire fraud) and 14 (mail fraud) should be dismissed because as pleaded they do not include every element of each offense. The Defendant argues that the indictment is insufficient because it does not identify the victims or the property interests defrauded. In its response to the Motion to Dismiss, the Government argued that it was not required to identify in the indictment the victims of the alleged fraud. The Magistrate Judge in her Report and Recommendation agreed with the Government that the essential elements of both mail fraud and wire fraud are sufficiently pleaded in the indictment especially when considered in light of

the allegations incorporated by reference from the background, manner and means and overt acts of the conspiracy count. The Magistrate Judge agreed with the Government that this case is distinguishable from the Eleventh Circuit case of *United States v. Bobo*, 344 F.3d 1076 (11th Cir. 2003). The Magistrate Judge declined to address the Defendant's "hypothetical" victims and property interests based upon a Supplemental Brief from the Government regarding the potential victims and property interests defrauded. The Magistrate Judge held that the Defendant's concerns about jury unanimity could be addressed at trial. Finally, the Magistrate Judge stated that the Defendant's arguments have no merit because the Defendant made the same arguments in a 2005 case in this district in which the Defendant was charged in a similar scheme.

In his Objections to the Report and Recommendation, the Defendant points out that in various filings (other than the indictment) in this case, the Government has identified six possible classes of victims. They are: (1) the State of Tennessee and Florida defrauded of title certificates [Docs. 161 at 12-13, 175 at 18-19, and 186 at 10], (2) vehicle owners defrauded of their stolen vehicles [Docs. 161 at 12-13, 175 at 15, and 186 at 9-11], (3) the S.S. website defrauded of its services [Doc. 186 at 9], (4) vehicle purchasers defrauded of their money [Docs. 186 at 9 and 196 at 30], (5) vehicle owners defrauded of their intangible right to clean vehicle registration [Docs. 186 at 9 and 196 at 30, 35], or (6) vehicle buyers defrauded of a true clean title to their cars [Docs.

186 at 10 and 196 at 30].

In her Report and Recommendation, the Magistrate Judge concluded that *United States v. Bobo* is distinguishable from this case. A federal grand jury indicted Dr. Bobo for conspiracy to defraud the United States and a health care benefit program, in violation of 18 U.S.C. §§ 371, 1347(1) (Count I); attempt to defraud a health care benefit program, in violation of 18 U.S.C. § 1347(1) (Count II); and wire fraud, in violation of 18 U.S.C. § 1343 (Count III). Dr. Bobo pleaded not guilty and moved to dismiss the indictment. The district court denied Dr. Bobo's motion to dismiss Counts I and II, but granted the motion as to Count III. Count I of the indictment charged Dr. Bobo as follows:

> [The Defendant] did unlawfully, willfully, and knowingly combine, conspire, confederate and agree [with others known and unknown] to ... knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, that is, the Maternity Care Program being administered by the Alabama Medicaid Agency, and financed by the Health Care Financing Administration of the United States Department of Health and Human Services and the state of Alabama, in violation of Title 18, United States Code, Section 1347(1).

*Bobo*, 344 F.3d at 1083. The indictment did not set forth the manner and means by which the scheme and artifice to defraud operated, except to incorporate the manner and means supporting the conspiracy count. *Id.* at 1084. The indictment also did not contain the remaining language of the statute which provides, in part, that the fraud must be "in connection with the delivery of or payment for health care benefits, items, or services." *See* 18 U.S.C. § 1347(1). The case proceeded to trial, and a jury found Dr. Bobo guilty of conspiracy to

3

defraud a health care benefit program and attempt to defraud a health care benefit program. The court summarized the requirements for a valid indictment as follows:

> For an indictment to be valid, it must "contain [ ] the elements of the offense intended to be charged, and sufficiently apprise[ ] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763, 82 S. Ct. 1038, 1047, 8 L.Ed.2d 240 (1962) (internal quotations omitted); *United States v. Sanchez*, 269 F.3d 1250, 1314 (11th Cir.2001) (en banc ), *cert. denied*, 535 U.S. 942, 122 S. Ct. 1327, 152 L.Ed.2d 234 (2002). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Russell*, 369 U.S. at 765, 82 S. Ct. at 1047 (internal quotations and citations omitted). Furthermore, if the indictment tracks the language of the statute, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* at 765, 82 S. Ct. at 1048; *see also Hamling v. United States*, 418 U.S. 87, 117–18, 94 S. Ct. 2887, 2907–08, 41 L.Ed.2d 590 (1974). When the indictment uses generic terms, it must state the offense with particularity. *Russell*, 369 U.S. at 765, 82 S. Ct. at 1047. Additionally, an indictment must enable the defendant to enter a plea that will bar any "future prosecutions for the same offense." *Hamling*, 418 U.S. at 117, 94 S. Ct. at 2907.

*Id.* at 1084. The court noted that "[t]ypically, an indictment sets forth what the scheme was designed to deprive the victim 'of' and then describes by what means the scheme was designed to be accomplished." *Id.* The court then held:

> Here, the underlying statute, 18 U.S.C. § 1347(1), refers to fraud in connection with the delivery or payment of "health care benefits, items or services." Not only does the indictment fail to mention a fraud in connection with the delivery or payment of health care benefits, items, or services in Counts I and II, but it also fails to specify of what precisely Dr. Bobo was allegedly trying to defraud the MWP program: benefits, items, services, or money. The benefits, items, or services could have been the difference in

4

the bids from the prior round of bids between AHN and NHS, as the government contended at trial. Alternatively, the benefits, items, or services could have been the money that Dr. Bobo proposed he would get from the legislature for Capstone. However, the indictment makes only a broad allegation of fraud in a health care benefit program without the required specificity. An indictment that requires speculation on a fundamental part of the charge is insufficient.

*Id.* The court concluded that the indictment failed to state an offense under the health care fraud statute. *Id.* at 1086.

In contrast, the Magistrate Judge concluded in this case that "Defendant Tripodis' scheme to defraud is clearly set forth in the 'background' and 'manner and means' paragraphs of the conspiracy charge without reliance on the overt acts." However, that misses the point that nothing in the indictment identifies who is being defrauded of what. The current Eleventh Circuit Pattern Charge on mail fraud (the wire fraud pattern charge is identical) states:

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
> (1) the Defendant knowingly devised or participated in a scheme to defraud *someone* by using false or fraudulent pretenses, representations, or promises;
> (2) the false or fraudulent pretenses, representations, or promises were about a material fact;
> (3) the Defendant intended to defraud someone; and
> (4) the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier] something meant to help carry out the scheme to defraud.
> \*\*\*\*\*\*\*\*\*\*\*
>
> A "scheme to defraud" means any plan or course of action intended to deceive or cheat *someone* out of *money or property* using false or fraudulent pretenses, representations, or promises.

5

The commentary to the January 2019 Revision to the Pattern Instruction states: "In mail fraud cases involving property rights, 'the Government must establish that the defendant intended to defraud a victim of money or property of some value.' *United States v. Cooper*, 132 F.3d 1400, 1405 (11th Cir. 1998)." The wire fraud commentary is identical. Accordingly, the scheme to defraud must have "someone" as a victim to be defrauded of "money or property." The indictment in this case does not allege who the "someone" is or what "money or property" they are to be cheated out of. As in *Bobo*, who the "someone" is or what "money or property" they are to be cheated out of is left entirely to speculation with at least six possibilities suggested by the Government's own filings. This seems to me to be a fatal defect of Counts 2-11 and 14. This indictment does not apprise the Defendant with reasonable certainty of the nature of the accusation against him.

In finding that the indictment here was sufficient, the Magistrate Judge also relied upon the Defendant's 2005 case in which he was charged with participating in a similar scheme. However, in the mail fraud counts of that indictment, the "Actual Title Owner" was identified for each count. The Government cannot amend the indictment or make up for its deficiencies by filing a Supplemental Brief. It cannot rely upon another indictment 15 years ago to put the Defendant on notice as to what he is charged with in this case.

I decline to adopt the Report and Recommendation as to the Motion To Dismiss [Doc. 97] as to Counts 2-11 and 14. The Motion to Dismiss [Doc. 97] is

GRANTED as to Counts 2-11 and 14.

## II. Motion to Suppress Evidence

The Defendant moved to suppress evidence from the warrantless search of a silver Acura driven by the Defendant to his Parole Office on April 28, 2016. As set forth in the Report and Recommendation, the search was authorized by the consent given in the conditions of his parole contract. That consent was not obviated by the participation of other law enforcement officers in the search. The Defendant's objections are without merit. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Suppress [Doc. 98] is DENIED.

## III. Motion to Dismiss Count 17

The Defendant seeks to dismiss Count 17 for lack of venue. However, the Indictment alleges that the crime of altering or removing motor vehicle identification numbers occurred "in the northern District of Georgia and elsewhere." Whether the Government's evidence is sufficient to prove that must be determined at trial. The Defendant's objection that the Government's evidence is insufficient has no merit. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Dismiss [Doc. 100] is DENIED.

## IV. Motion to Dismiss Counts 2-10

The Defendant argues that Counts 2-10 should be dismissed because the Government's evidence is insufficient to establish interstate wire

transmissions. As set out in the Report and Recommendation, the indictment sufficiently alleges interstate wire transmissions. The Defendant's objection that there is no evidence to support the allegations is premature and may be renewed at trial. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Dismiss [Doc. 101] is DENIED.

## V. Other Motions

Otherwise, the Court approves and adopts the Report and Recommendation. The Defendant's Motion to Strike Surplusage [Doc. 102] is DENIED. The Motion for Bill of Particulars [Doc. 103] is GRANTED in part and DENIED in part. The Defendant's unopposed Motion to Dismiss [Doc. 104] Counts 15 and 16 is GRANTED. The Defendant's pro se Motions [Docs. 187, 188 & 189] are DENIED.

SO ORDERED, this 26 day of February, 2020.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge